# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The provision of the twenty-first article of amendment of the Constitution of the Commonwealth, which requires every representative in the General Court to have been, for one year at least next preceding his election, "an inhabitant of the district for which he is chosen," is satisfied by his having dwelt or had his home within the district for that time ; and a person, otherwise qualified, who, having been an alien, has been naturalized within the year, is eligible as a representative.

Under the Constitution of the Commonwealth, an alien must be naturalized before he can become eligible as a member of the House of Representatives.

THE following order was passed by the House of Representatives on February 26, 1877, and on February 28 transmitted by the Speaker to the Justices of the Supreme Judicial Court, who on March 7 returned the answer which is subjoined.

Ordered, that the opinion of the Justices of the Supreme Judicial Court be required upon the following questions of law, viz. :

1. What is the meaning of the word "inhabitant," as used in Article 21 of the amendments to the Constitution of Massachusetts, in the provisions relating to the qualifications of representatives ?

2. Is a person, otherwise qualified, eligible as a member of this House, who, having been an alien, has been naturalized within one year next preceding his election ?

3. Must an alien be naturalized before he can become eligible as a member of this House ?

The Justices of the Supreme Judicial Court, having considered the questions proposed by the Honorable House of Representatives, respectfully submit the following opinion :

The general principles and the rules of construction, which must guide us in answering these questions, are clearly set forth

in an opinion submitted to the Honorable House in 1811 by Chief Justice Parsons and Justices Sewall and Parker (each afterwards Chief Justice), printed in full as a supplement to the seventh volume of the Massachusetts Reports, and in the Reports of Controverted Elections, published in pursuance of a Resolve of the General Court in 1852, and from which it is sufficient to quote a few sentences.

" We assume, as an unquestionable principle of sound national policy in this state, that, as the supreme power rests wholly in the citizens, so the exercise of it, or of any branch of it, ought not to be delegated by any but citizens, and only to citizens. It is therefore to be presumed that the people, in making the Constitution, intended that the supreme power of legislation should not be delegated, but by citizens. And if the people intended to impart a portion of their political rights to aliens, this intention ought not to be collected from general words, which do not necessarily imply it, but from clear and manifest expressions, which are not to be misunderstood.

" But the words ' inhabitants ' or ' residents ' may comprehend aliens, or they may be restrained to such inhabitants or residents who are citizens, according to the subject matter to which they are applied. The latter construction comports with the general design of the Constitution. There the words ' people ' and ' citizens ' are synonymous. The people are declared to make the Constitution for themselves and their posterity. And the representation in the General Court is a representation of the citizens."

Such were the reasons upon which those eminent judges declared it to be their opinion that the authority given by the Constitution, as originally adopted, to " inhabitants of each town " to vote for senators, and to persons " resident in any particular town " to vote for representatives, was restrained to such inhabitants and residents as were citizens ; and that aliens, whether their polls were or were not ratable, were not qualified voters for senators or representatives, and could not be qualified to hold either of those offices.

The position that the electors and the elected alike must be citizens of the Commonwealth is supported by several articles of the Declaration of Rights. " The people of this Common-

wealth have the sole and exclusive right of governing themselves, as a free, sovereign and independent State; and do and forever hereafter shall exercise and enjoy every power, jurisdiction and right, which is not, or may not hereafter be, by them expressly delegated to the United States of America in Congress assembled." "The people alone have an incontestable, unalienable and indefeasible right to institute government; and to reform, alter or totally change the same, when their protection, safety, prosperity and happiness require it." "All the inhabitants of this Commonwealth, having such qualifications as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments." "No part of the property of any individual can with justice be taken from him, or applied to public uses, without his own consent, or that of the representative body of the people. In fine, the people of this Commonwealth are not controllable by any other laws than those to which their constitutional representative body have given their consent." So, that part of the Constitution, which relates to the House of Representatives, begins by declaring, "There shall be in the Legislature of this Commonwealth a representation of the people."

The use of the word "inhabitants" in the sense of "citizens" is further illustrated by the following: Part the First of the Constitution is entitled "A Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts." Part the Second, entitled "The Frame of Government," opens with these words: "The people, inhabiting the territory formerly called the Province of Massachusetts Bay, do hereby solemnly and mutually agree with each other, to form themselves into a free, sovereign and independent body politic or state, by the name of the Commonwealth of Massachusetts." Power is conferred upon the Legislature to erect and constitute courts, to be held in the name of the Commonwealth, for the trial and determination of all causes between or concerning "persons inhabiting, or residing, or brought within the same;" and to impose and levy rates and taxes upon "all the inhabitants of, and persons resident, and estates lying, within the said Commonwealth;" thus clearly distinguishing inhabitants or citizens from other persons having a domicil within the Commonwealth or temporarily brought here.

The Constitution further provides that, "to remove all doubts concerning the meaning of the word 'inhabitant,' in this Constitution, every person shall be considered as an inhabitant, for the purpose of electing and being elected into any office or place within this State, in that town, district or plantation, where he dwelleth, or hath his home." In the light of the other clauses of the Constitution, already quoted, and of the opinion of the justices, before referred to, we can have no doubt that every person elected a representative or a senator must not merely have a domicil within the town or district, but must be a citizen of the Commonwealth.

No particular discussion was had in the former opinion, or is necessary to the decision of the questions now before us, of the meaning of the word "inhabitant," as used in those provisions of the original Constitution, which required the Governor and Lieutenant-governor and every senator to have been an "inhabitant of this Commonwealth," for a certain number of years, and every representative to have been "an inhabitant of the town he shall be chosen to represent," for at least one year, next preceding his election. Considering that the word "inhabitant," as we have already seen, is used in so many other clauses in the sense of "citizen," and that it is nowhere used so as to require a different interpretation, it might be contended with great force, and may for the purposes of argument be assumed, that it must retain the same restricted meaning throughout the original Constitution. But the amendments since adopted present this matter in a different aspect.

By the third article of amendment of the Constitution, adopted in 1820, the right of voting for Governor, Lieutenant-governor, senators and representatives was limited to "every male citizen of twenty-one years of age and upwards (except paupers and persons under guardianship) who shall have resided within the Commonwealth one year, and within the town or district in which he may claim a right to vote, six calendar months next preceding any election," and shall have paid a state or county tax assessed upon him within two years in any town or district of the Commonwealth. This amendment, by substituting for "inhabitant" the more precise word "citizen," in defining the qualification of the voter at the time of the election, and the

more comprehensive word "residing," in describing his condition for a previous period, manifests the intention of the convention in framing the amendment, and of the people in adopting it, to have been that, while citizenship should be a necessary qualification of every voter at the time of casting his vote, domicil only should be required to prepare him for the exercise of that privilege. The practical construction, in accordance with this view, has been to allow foreigners, having paid the requisite tax, and having had a domicil within the town and the Commonwealth respectively for the times specified, and having been naturalized at any time before an election, to vote thereat.

By the thirteenth article of amendment, adopted in 1840, " a census of the inhabitants of each city and town " was ordered to be taken every ten years; and provision was made for the apportionment of representatives according to " the number of inhabitants," also called " the population," of towns, and according to " the population of the Commonwealth."

By the sixteenth article of amendment, adopted in 1855, " eight councillors shall be annually chosen by the inhabitants of this Commonwealth, qualified to vote for Governor ; " the Legislature is required, at its first session after each decennial census, to divide the Commonwealth into districts for the purpose, " each containing a number of inhabitants as nearly equal as practicable ; " and " no person shall be eligible to the office of councillor, who has not been an inhabitant of the Commonwealth for the term of five years immediately preceding his election."

By the twenty-first article of amendment, which was adopted in 1857, and superseded the amendment of 1840, it is provided that " a census of the inhabitants of each city and town," making " a special enumeration of the legal voters," shall be taken every ten years ; that the Commonwealth shall be divided into districts for the choice of representatives, according to the number of legal voters ; and that " every representative, for one year at least next preceding his election, shall have been an inhabitant of the district for which he is chosen, and shall cease to represent such district when he shall cease to be an inhabitant of said Commonwealth." By the twenty-second article of amendment, adopted at the same time, similar provisions are made in

regard to senators ; and it is required that each senator " shall have been an inhabitant of this Commonwealth five years at least immediately preceding his election, and at the time of his election shall be an inhabitant of the district for which he is chosen ; and he shall cease to represent such senatorial district when he shall cease to be an inhabitant of the Commonwealth."

The census of inhabitants, required by the amendments of the Constitution, clearly includes, by the very force of the terms, as well as in the understanding of the Legislature, as manifested in every statute upon the subject for more than twenty years past, all persons, of whatever age, sex or nationality, having a legal domicil within the Commonwealth.

Upon a review of all the provisions of the Constitution and of the various amendments thereof, and applying the rules of construction laid down in the opinion of the justices in 1811, and already quoted, our conclusion is, that the word " inhabitant " is used, throughout the twenty-first article of amendment, in its larger and more popular sense, as implying domicil only, and not citizenship ; and that the clause in this amendment which requires that every representative shall have been an inhabitant of the district for a year before his election, like that clause of the third amendment which requires each voter to have resided within the Commonwealth for a year and within the district for six months, is satisfied by having had a domicil for the prescribed period ; but that, as it cannot be inferred, not being clearly manifested, that the people intended that their supreme legislative power should be delegated either by or to any but citizens, therefore the representatives of the people, through whom the people exercise the legislative power, must themselves be citizens, equally with those by whom they are chosen and whom they represent, and the representatives, like the voters, must, at the time of the election, be citizens of the Commonwealth.

In our opinion, therefore, the questions proposed by the Honorable House of Representatives must be answered as follows :

1. The meaning of the word " inhabitant," as used in the twenty-first article of the amendments to the Constitution of Massachusetts, in the provisions relating to the qualifications of representatives, is " dwelling, or having his home," and does not include citizenship.

2. A person, otherwise qualified, is eligible as a member of the House of Representatives, who, having been an alien, has been naturalized within one year next preceding his election.

3. An alien must be naturalized before he can become eligible as a member of the House of Representatives.

The fulness with which we have referred to and quoted the provisions of the Constitution, and of the Declaration of Rights, which forms part thereof, must find its excuse in the fact that the determination of the questions proposed has appeared to us to depend upon a careful comparison of those provisions, and in the admonition of the Constitution itself that a frequent recurrence to its fundamental principles is absolutely necessary to preserve the advantages of liberty and to maintain a free government.

> HORACE GRAY.
> JAMES D. COLT.
> SETH AMES.
> MARCUS MORTON.
> WILLIAM C. ENDICOTT.
> CHARLES DEVENS.
> OTIS P. LORD.