Land v. Christenson.

---

MARTHA LAND, APPELLANT, V. OLA CHRISTENSON, APPELLEE.

FILED OCTOBER 4, 1922.   No. 22099.

1. **Process:** SUMMONS: AMENDMENT. Irregularities in a summons or the service thereof may be corrected by amendment, but, if the summons is void, it is   incapable of amendment.

2. ———: ———: JURISDICTION. Defendant was summoned to appear in the county court of Hamilton county in which no action was pending against him.  A petition had been filed in the district court for that county in which he was named as defendant.  He made a special appearance in the district court objecting to its jurisdiction for want of service of summons.  *Held*, that the service of summons upon him to answer in the county court did not confer jurisdiction upon the district court.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE.   *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer,* for appellant.

*Halligan, Beatty & Halligan, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, ALDRICH, DAY and FLANSBURG, JJ.

PER CURIAM.

This action for specific performance of a contract for the sale of land was brought in the district court for Hamilton county.   The defendant, who is a resident of Deuel county,

Land v. Christenson.

was served in Hamilton county. He appeared specially and objected to the jurisdiction of the court for the reason that the only service of summons upon him was made by serving the copy of summons hereinafter set forth. The plaintiff then made application for permission to amend the copy of summons to conform to the original. The court denied the application for permission to amend, and sustained the special appearance. Plaintiff elected to stand upon the service as made, and the court dismissed the action without prejudice.

The copy served on defendant is as follows:

"State of Nebraska, ⎫ ss:
Hamilton County. ⎭

"To the Sheriff or any Constable of said County:

"You are hereby commanded to notify Ola Christenson, defendant, that he has been sued by Martha Land, plaintiff in the county court in and for said county of Hamilton, and that unless he answer by the 10th day of January, 1921, the petition of said plaintiff filed against him in the office of said court, such petition will be taken as true, and judgment rendered accordingly. You will make due return of this summons on or before Monday, the 20th day of December, 1920.

"Witness my official signature and the seal of the county court of our said county of Hamilton, this 8th day of December, 1920.

"(L. S.)        J. W. Weedin, Clerk of District Court.

"I do hereby certify that this is a true copy of the original summons now in my hands for service.

"J. E. Howard, Sheriff of said County,
"By Chas. Weaver.

"Specific performance demanded.

"If defendant fail to appear and answer the plaintiff will take judgment for $5,000.00 together with interest thereon at the rate of 7% from the 8th day of December.

"J. W. Weedin, Clerk of District Court.
"Returnable Dec. 20, 1920."

Neither the original summons nor a copy of it other than the above is in the transcript.

The general rule is that if the process is sufficient to inform the defendant in what court he must appear, and the time and place of his appearance, it is sufficiently definite to give the court jurisdiction, even though the time stated is incorrect, but, in this instance, defendant was notified that the suit was in the county court, and the only connection with the district court shown in the copy is that the summons appears to have been signed by the clerk of that court. A man ignorant of court procedure would be apt to pay little attention to this. Defendant was summoned to appear in a court in which no action was pending against him, and it was sought to amend the summons in a court in which he had not been notified to appear. If the defendant had not called the attention of the court to the nature of the service upon him, and a judgment against him had been rendered by default upon such a summons, the judgment would be absolutely void for want of notice. This is the test of jurisdiction. The defect in this case is not one of form, but one of substance.

As a general rule, a person summoned is not bound to look further than the summons for information as to the court in which the action is pending, or the time and place of his appearance. If neither the original summons nor the copy served upon the defendant designates the proper court in which defendant is to appear, and there is no other paper served to apprise him of the forum, that court will not acquire jurisdiction. *Eggleston v. Wattawa,* 117 Ia. 676. This court has been exceedingly liberal in permitting the amendment of pleadings or process. Mistakes in the date of the return day, or of the answer day, may be amended, and almost any other irregularity or defect merely in form. *Barker Co. v. Central West Investment Co.,* 75 Neb. 43. But if the summons is void, it is incapable of amendment. *Elmen v. Chicago, B. & Q. R. Co.,*

75 Neb. 37; *Duluth Brewing & Malting Co. v. Allen,* 51 Mont. 89; 32 Cyc. 531.

The briefs state that the copy served on defendant is not a true copy of the original summons. We have no evidence as to what the original summons contains other than the certificate of the sheriff, and must presume that the certificate that the paper served is a true copy, is true until the fact appears otherwise. The allowance of amendments to process is a matter of discretion, and no abuse of discretion is shown.

AFFIRMED.