JOHN BURHANS ET AL., APPELLANTS, v. CITY OF PATERSON, RESPONDENT.

Submitted December 10, 1923—Decided March 3, 1924.

1. When the Supreme Court sits as a reviewing tribunal (as it does in *certiorari* cases), the only proper ground of appeal here is that that court erred in the judgment it gave; and, on the argument reliance may be had upon the assignment of errors and causes for reversal in criminal cases, grounds of appeal in civil cases and reasons in *certiorari* cases, filed in the court below and brought up with the record.

2. Where appellant here was respondent in the Supreme Court, and consequently filed no grounds of appeal there, he is entitled to argue here against any of the grounds filed by his opponent there.

3. Errors may be assigned upon the record only and not upon the reasoning in the opinion of the court below.

4. If the court whose decision is under review reached a right result even for a wrong reason, the judgment should not be disturbed; hence errors may be assigned on the record only and not upon the opinion of the court below.

On appeal from the Supreme Court.    ʼ

For the appellants, *Randal B. Lewis.*

For the respondent, *Edward F. Merrey.*

PER CURIAM.

This was a *certiorari* out of the Supreme Court to review an assessment by the city of Paterson for street paving, curbing, water, sewer and gas connections against property abutting on Hamburgh avenue from Union to Katz avenues. The assessment is based on contribution made by the city of Paterson to Passaic county toward the cost of the work. The Supreme Court upheld and affirmed the assessment and dismissed the *certiorari*.

Prosecutors have appealed to this court and filed four grounds of appeal, all on the reasoning and holding of the Supreme Court, but not alleging that that tribunal erred in the judgment it rendered. We have repeatedly held that when the Supreme Court sits as a reviewing tribunal (as it does in *certiorari* cases), the only proper ground of appeal is that that court erred in the judgment it gave. *State* v. *Verona,* 93 *N. J. L.* 389; *Baer* v. *Lehigh and Hudson River Railway Co., Id.* 446; *Lundy* v. *Brown & Co., Id.* 469; *State* v. *Samaha, Id.* 482, 483, 484; *Thompson* v. *East Orange,* 94 *Id.* 106; *Birtwistle* v. *Public Service Railway Co., Id.* 407, 409; *State* v. *Metzler, Id.* 418; *State* v. *Belkota,* 95 *Id.* 416, 418; *State* v. *Fisher, Id.* 419; *Dia. Mills Paper Co.* v *Leonard Hy. Ice Co., Id.* 540, 543; *State* v. *Andres,* 96 *Id.* 437; *Kleinert* v. *Hutchinson,* 98 *Id.* 831, 835. And reliance may be had upon the assignment of errors and causes for reversal in criminal cases, grounds of appeal in civil cases, and reasons in *certiorari* cases, filed in the court

below and brought up with the record. *Thompson* v. *East Orange,* 94 *Id.* 106; *State* v. *Metzler, Id.* 418; *State* v. *Fisher,* 95 *Id.* 419; *State* v. *Snell,* 96 *Id.* 299, 300; *State* v. *Andres, Id.* 437, 439; *Kleinert* v. *Hutchinson,* 98 *Id.* 831, 835. This obtains where the same party who appealed to the Supreme Court, and filed grounds of appeal there, appeals here. And where the appellant here was respondent in the Supreme Court, and, consequently, filed no grounds of appeal there, he is entitled to argue here against any of the grounds taken by his opponent there. *Kleinert* v. *Hutchinson, supra.*

Errors may be assigned upon the record only and not upon the reasoning in the opinion of the court below. *State, Ruckman,* v. *Demarest,* 32 *N. J. L.* 538; *McCarty* v. *West Hoboken,* 93 *Id.* 247; *Birtwistle* v. *Public Service Railway Co.,* 94 *Id.* 407; *Dia. Mills Paper Co.* v. *Leonard Hy. Ice Co., supra; In re Beam,* 93 *N. J. Eq.* 593, 595; *American Tra. & Imp. Co.* v. *Miron & Lifson,* 98 *N. J. L.* 737. The ground upon which this doctrine rests is that if the court whose decision is under review reached a right result even for a wrong reason, the judgment should not be disturbed, and that is why errors may be assigned on the record only and not upon the opinion of the court below. *McCarty* v. *West Hoboken,* 93 *Id.* 247. See, also, *Cork* v. *Lehigh Valley Railroad Co.,* 98 *Id.* 143; *McCrory Stores Corp.* v. *Braunstein, ante p.* 166.

Because it is not alleged as ground of appeal that the Supreme Court erred in the judgment sought to be reviewed, the appellate jurisdiction of this court is not invoked, and the appeal must therefore be dismissed.