GLASMANN v. SECOND DISTRICT COURT IN AND
FOR WEBER COUNTY et al.

No. 5238. Decided June 23, 1932. [12 P. (2d) 361.]

*Geo. C. Buckle* and *Thatcher & Young*, all of Ogden, for plaintiff.

*H. C. Allen*, of Salt Lake City, for defendants.

ELIAS HANSEN, J.

This is an original proceeding brought in this court. The plaintiff, Edris Glasmann, seeks to restrain and prohibit the district court of Weber County, Utah, and Hon. George S. Barker, one of the judges thereof, from proceeding further in a cause pending in that court wherein one Leona Hotchkiss is plaintiff and Edris Glasmann, the plaintiff here, is defendant. Plaintiff herein bases her claimed right to the relief prayed upon the ground that the district court of Weber county, Utah, is without jurisdiction of her person because she was not served with process as provided by law. Upon plaintiff's affidavit and verified petition a writ of review in the nature of an alternative writ of prohibition was issued by this court. The writ so issued directs that the defendant district court and George S. Barker, one of the judges thereof, do desist and refrain from further proceeding in that certain action entitled *Leona Hotchkiss* v. *Edris Glasmann* pending in that court until the further order of this court; that the defendants herein certify and send to this court a transcript of the record and proceedings had and the orders made in connection with the motions of the defendant to quash the service of summons in that action; and that the defendants show cause before this court why they should not be permanently and absolutely restrained and prohibited from further proceeding in that action. Within the time fixed in the writ the defendants certified the record and proceedings and sent the same to this court. They also filed their answer to plaintiff's petition and

affidavit for the writ. Defendants make no claim that plaintiff has pursued the wrong remedy in this proceeding. It has been held in a recent decision of the Supreme Court of California that a defendant who feels aggrieved because of an order made by a court of original jurisdiction refusing to quash the service of summons may properly review such order by application for a writ of prohibition. *Jardine* v. *Superior Court in and for Los Angeles County et al.*, 2 P. (2d) 756. The certified records and transcript in the case of *Leona Hotchkiss* v. *Edris Glasmann* which have been sent to this court pursuant to its writ show: That on July 6, 1931, Leona Hotchkiss filed a complaint against Edris Glasmann in the Second judicial district court of Weber county, Utah. The sheriff of Weber county, Utah, made return that he served "a summons upon Edris Glasmann in Ogden City, Weber County, State of Utah, on the 25th day of June A. D. 1931, by then and there delivering to and leaving with Julia Sadlier, housekeeper of said defendant, and a suitable female person over the age of fourteen years, at the defendant's usual place of abode, in Ogden City, Weber County, State of Utah, a true copy of the hereunto annexed summons, together with a copy of the complaint." The summons so annexed to the sheriff's return is in form prescribed by Comp. Laws Utah 1917, § 6539. The summons so annexed to the return is, however, entitled "In the Third Judicial District Court of Salt Lake County, State of Utah." On July 14, 1931, counsel for Mrs. Glasmann filed a notice of motion in the cause directed to the plaintiff and her attorney wherein it was stated that the defendant appeared "specially for the purpose of this motion only, and for no other purpose," and that on July 20, 1931, at 10 o'clock a. m., or as soon thereafter as counsel could be heard, defendant would move the court to quash the service of summons upon the defendant because the same was not served upon her or at her usual place of abode. The notice of motion recites that the motion will be made upon the records and files in the cause and upon affidavits to be thereafter

served and filed. Affidavits were filed which tended to show that Mrs. Glasmann had abandoned her home at Ogden, Utah, and had left for Europe the day before the summons was served, and that the Julia Sadlier with whom the copy of the summons was left had been the housekeeper of Mrs. Glasmann but her services as Mrs. Glasmann's housekeeper had terminated the day before the summons was served; that when the copy of the summons was left with Julia Sadlier, she was at the Glasmann home packing up her belongings preparatory to leaving; and that she so informed the deputy sheriff at the time he left the summons with her. The motion to quash service of summons was resisted by Leona Hotchkiss. She filed an affidavit in support of her position wherein she, in effect, avers that Mrs. Glasmann had left Ogden, if at all, only temporarily at the time the summons was served; that she had left for the purpose of going to a foreign country to place her minor children in school for a year. On August 6, 1931, the court below entered an order denying defendant's motion to quash the service of summons and granting defendant fifteen days after notice in which to demur or otherwise plead to plaintiff's complaint. Notice of the foregoing order was mailed to counsel for Leona Hotchkiss on August 8th. On August 21, 1931, the court made the following order in the cause: "The court upon its own motion orders that defendant be, and is hereby granted fifteen days additional time from August 24th, 1931, in which to demur, answer or otherwise plead to plaintiff's complaint herein."

On September 4, 1931, counsel for Mrs. Glasmann filed a motion in the cause whereby they asked the court to reexamine and reconsider the previous ruling denying defendant's motion to quash the service of summons. By the motion counsel for Mrs. Glasmann appeared specially for the purpose of the motion and for no other purpose, and again moved the court to set aside and vacate the service of summons because it was not served upon defendant or upon a suitable person at defendant's usual place of abode. The

motion stated that it was based upon the files and records and upon affidavits attached thereto. The affidavits attached to the motion tend to show that Mrs. Glasmann left Ogden with the intention of permanently making her home elsewhere. On September 8th counsel for Leona Hotchkiss moved the court that the default of Edris Glasmann be entered. One of counsel for Mrs. Glasmann was present in court at the time the motion was made and called the court's attention to the fact that an order had theretofore been made extending the time for defendant to plead. It was urged on behalf of Leona Hotchkiss that the court was without authority on its own motion to extend the time for the defendant to plead, and that therefore plaintiff was entitled to have the default of the defendant entered. Before the court ruled on the motion to enter the default of Mrs. Glasmann, one of her counsel was called as a witness and examined by counsel for Mrs. Hotchkiss. He testified in substance that he desired to have the order denying the motion to quash the service of summons upon the defendant reviewed by the Supreme Court; that before doing so, however, he desired to make a further showing before the court below as to the facts concerning the alleged service of summons; that on or about August 21st he had a conversation with Judge Barker; that in that conversation he informed Judge Barker of his intention of having the whole matter reviewed by the Supreme Court; that the time fixed for the defendant to plead had about expired, but that if he asked for additional time to plead he was fearful that such request might be construed as a general appearance; that he intended to file an additional motion affecting the question of whether the court had jurisdiction over the person of Mrs. Glasmann; that thereupon Judge Barker stated that he would make an order on his own motion extending the time to plead. As a result of the conversation, the order of August 21st, heretofore set out, was entered by the court granting defendant additional time in which to plead. The motion made by plaintiff on September 8th to enter the de-

fault of defendant was, by the court, denied. On October 8th the court again denied defendant's motion to quash the service of summons had upon defendant and defendant was given further time to plead. Within the time so fixed for the defendant to plead this proceeding was commenced, and all further proceedings in the cause in the court below were suspended pending the further order of this court.

The briefs of respective counsel devote considerable space to a discussion of whether or not Julia Sadler, with whom the summons was left, was a suitable person within the meaning of Comp. Laws Utah 1917, § 6548, and also as to whether or not upon this record Mrs. Glasmann's usual place of abode was, at the time of the service, ■ at the house where the service was made. We do not deem it necessary to decide these questions. We have a statute, Comp. Laws Utah 1917, § 6539, which prescribes the form of summons in a civil action. It is quite generally held that process not in substantial compliance with the statute is invalid. *Beck* v. *Nelson* (Tex. Civ. App.) 17 S. W. (2d) 144; *Francis* v. *Knerr*, 149 Minn. 122, 182 N. W. 988; *Smith* v. *Buckholts State Bank* (Tex. Civ. App.) 193 S. W. 730; *Thompson Yards, Inc.*, v. *Standard Home Building Co.*, 161 Minn. 143, 201 N. W. 300; *Gutierrez* v. *Cuellar* (Tex. Civ. App.) 236 S. W. 497; *Crenshaw* v. *Hempel*, 60 Tex. Civ. App. 385, 130 S. W. 731; 50 C. J. 454, and cases there cited. The fact that the summons served directed the defendant to appear before the Third district court in and for Salt Lake county, Utah, was fatal to the claim made by plaintiff that the service of such summons gave the Second district court of Weber county, Utah, jurisdiction over the person of the defendant. A summons may be sufficient to vest a court with jurisdiction of a defendant although it is not strictly in form prescribed by law, but the failure of a summons to inform the defendant of the court where he must appear is insufficient to confer jurisdiction of his person. *Land* v. *Christenson*, 109 Neb. 101, 189 N. W. 838; *Boydstun* v. *Nugent* (Tex. Civ. App.) 285 S. W. 695;

*Smith* v. *Ellendale Mill Co.*, 4 Or. 71. Counsel for plaintiff herein state, in a supplemental brief filed in this court by its permission after the cause was submitted, that they did not observe the form of the summons here involved until after this cause was submitted to this court. Apparently the court below did not observe the fact that the summons here involved did not purport to require the defendant to appear in that court. Defendant, however, is entitled to urge the defect in the form of the summons for the first time in this court. A lack of jurisdiction of the person of a defendant in a cause, as well as a lack of jurisdiction of the subject-matter of the litigation, may be raised at any time. In the absence of jurisdiction of the defendant, any purported judgment which the court might render against her would be a nullity. The Second district court of Weber county, Utah, did not acquire jurisdiction of the person of Edris Glasmann by reason of the alleged service of summons upon her.

It is earnestly urged on behalf of the plaintiff that the court below acquired jurisdiction of the person of Mrs. Glasmann because she, by her counsel, entered a general appearance in the cause. The act which Leona Hotchkiss claims constituted a general appearance is the conversation which counsel for Mrs. Glasmann had with Judge Barker relative to a further hearing upon the motion to quash the service of the summons. It is contended that a motion or request for additional time to plead constitutes a general appearance and that, in effect, counsel requested, and the court below, acting upon such request, granted, defendant additional time to plead. A number of cases are cited in support of the claim that a motion or request for additional time in which to plead constitutes a general appearance. The case upon which counsel for defendant herein seems to chiefly rely is that of *Murphy* v. *Herring-Hall-Marvin Safe Co.* (C. C.) 184 F. 495. In that case the attorney representing the defendants applied to the judge in the corridor of the courthouse for an order ex-

tending time to plead. The judge signed the order which stated that the "time for answering, appearing or other-. wise pleading to the complaint or action" was extended to a date fixed at the request of the attorney for the defendants. It was held that the attorney who requested the order had made a general appearance for the defendants. There is an apparent conflict in the authorities as to whether or not a request for additional time to plead constitutes a general appearance, but it is not necessary in the instant case to determine which line of authorities should be followed in this jurisdiction. It will be noted that the order extending the time for the defendant to plead does not purport to have been made at the request of the defendant. It recites that it was made on the court's own motion. The purport of the conversation had between counsel for Mrs. Glasmann and the judge of the court below was that counsel desired and the court was willing to grant additional time to file a motion and affidavits for a further hearing relative to quashing the service of summons. It is conceded by counsel for the defendants herein, as well it may be, that such a request does not constitute a general appearance. The learned trial judge evidently understood that the order extending time for the defendant "to demur, answer or otherwise plead to plaintiff's complaint" was not made at the instance and request of the defendant. Otherwise there was no occasion to state in the order that it was made "upon its own motion." Whether the appearance in this case was general or special must be determined by what was done by counsel for Mrs. Glasmann, and not by the action taken by the court. A special appearance cannot be converted into a general appearance by an order of court. The trial court, having stated in the order that the time to plead was extended on its own motion, may not now be heard to assert that it was made upon the motion of counsel for defendant. It is doubtful if a party litigant may, in a proceeding such as this, question the verity of the record which is brought here for review. Be that as it may, the conver-

sation had by counsel for Mrs. Glasmann with Judge Barker does not support the claim that he thereby entered a general appearance for his client in the cause.

Upon the record in this case the court below should have quashed and set aside the alleged service of summons. It follows that the temporary writ heretofore issued should be, and it accordingly is, made permanent. The defendants district court and the judges thereof are permanently restrained from further proceeding in the cause of *Leona Hotchkiss* v. *Edris Glasmann* until such time as jurisdiction of the person of Edris Glasmann is conferred upon that court. Neither party is awarded costs in this proceeding.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.