## SWETNAM v. DALBY et al.

No. 5427.   Decided May 6, 1938.   (79 P. 2d 20.)

*John E. Pixton,* of Salt Lake City, and *J. U. Schiess,* of Haugan, Mont., for appellant.

*Thomas W. Mackay,* of Salt Lake City, and *Leslie Frazer,* of Washington, D. C., for respondents.

FOLLAND, Chief Justice.

This is an appeal from a judgment of the district court of Salt Lake county, refusing on certiorari to annul an order made by one of the judges of the city court of Salt Lake City, setting aside and vacating a default judgment previously rendered by another judge of the court in favor of plaintiff herein and against defendant Florence L. Reeves. Both judges were ex officio justices of the peace of Salt Lake City precinct.

The facts giving rise to the present controversy are as follows: On August 10, 1931, Wilbur Swetnam, plaintiff herein, commenced an action before H. T. Mathews, justice of the peace of the Eleventh precinct of Salt Lake county, against August Reeves and Florence L. Reeves, his wife, on a cause of action claimed to have arisen in Salt Lake City, alleging that the defendants were not residing in the state.

Summons was thereupon issued. This summons is not in the form prescribed by section 7436, Comp. Laws Utah 1917, for summons from a justice's court, but is a modified city court summons. Its sufficiency might be open to question, but as no point has been made in regard thereto, we shall assume it to be in proper form. On August 22d, and before service of summons, defendant Florence L. Reeves filed with the justice her affidavit that neither of the defendants were residents of the Eleventh precinct but both

resided in Salt Lake City, and that she did not contract to perform the obligation sued upon in the Eleventh precinct nor at any other place except Salt Lake City. Under the provisions of subdivision 6 of section 7427, Comp. Laws Utah 1917, as amended by chapter 105, Laws of Utah 1925, the filing of this affidavit divested the justice of all jurisdiction in the case except to change the place of trial, which it became his mandatory duty to do without motion being made therefor. His transcript recites: "Transcript issued and all papers forwarded to *City Court* Salt Lake City, Utah," August 24. (Italics added.) Indorsements show the papers were received by the clerk of the city court on August 25th and filed September 2d. The summons previously issued by Justice Mathews was filed September 12th with the clerk of the city court with a constable's certificate of service that the same had been served on defendant Florence L. Reeves August 27th at Park City in Summit county. Section 7443, Comp. Laws Utah 1917, requires proof of service by affidavit when service is made outside the county. On October 8th, an amended return by affidavit was filed. On the same date a default judgment entitled "In the City Court of Salt Lake City, County of Salt Lake, State of Utah, Nephi Jensen, Judge acting as Ex-Officio Justice of the Peace," reciting service of summons upon Florence L. Reeves and her default, signed "Nephi Jensen, Judge of the City Court acting as Ex-officio Justice of the Peace," was filed with the clerk of the city court.

Apparently on an oral ex parte motion, Judge Jensen made an order on October 23d vacating such default judgment, and on December 28th he granted a motion of plaintiff, after notice and hearing, to vacate the order of October 23d setting aside the default judgment.

On January 21, 1932, defendant Florence L. Reeves in the city court filed a written motion to vacate said default judgment, which motion on February 15th was granted by Judge Dalby. All these orders appear to have been entered on the minutes of the city court, and so far as the record

shows, neither the judgment nor any of the orders were entered in the "docket," which, under section 7530, Comp. Laws 1917, a justice of the peace is required to keep. February 25th, a motion by plaintiff, entitled "In the Justice's Court in and for Salt Lake City Precinct, before C. F. Dalby, judge of the City Court and Ex-officio Justice of the peace, Salt Lake County, State of Utah," was filed with the clerk of the city court, praying the court to vacate its order of February 15th. This motion on March 28th was denied. Thereupon the plaintiff, seeking to annul the order vacating the default judgment, procured a writ of review to be issued out of the district court of Salt Lake county. The entire record was thereupon certified to the district court. The judges of the city court and defendant Florence L. Reeves answered that the summons was served outside the county; that it required the defendant to appear in the justice's court of the Eleventh precinct; that it was not served until after the justice had lost jurisdiction by transfer of the cause; that there was no jurisdiction of the person of the defendant; that the return was not filed within the statutory period; and that the default judgment was entered without notice of trial to the defendant. The relief sought was denied by the district court and the writ dismissed.

Plaintiff appeals, contending: (1) That the filing of the affidavit for change of venue constituted an entry of appearance; (2) that the service of such summons was a valid service and gave the court jurisdiction over the person of defendant, notwithstanding the justice before whom defendant was directed to appear had been divested of jurisdiction prior to such service; (3) that making the motion to vacate such default judgment constituted a general entry of appearance; (4) that it is not necessary that the record show that notice of trial was given, and the record being silent, regularity in such respect will be presumed; (5) that a justice of the peace has no power to vacate a default judgment except under the provisions of section 7457, Comp. Laws 1917; and (6) that, in any event, the judgment hav-

ing been rendered by Judge Jensen and the cause not having been transferred, Judge Dalby was without power to vacate the same.

The proceeding in the district court, brought under Comp. Laws 1917, § 7377, now section 104-67-2, R. S. Utah 1933, alleged that the vacating of the default judgment was outside the jurisdiction of the court. Section 104-67-2 provides:

"* * * the district courts shall issue writs of certiorari to the justices' courts in the counties within their several jurisdictions in all cases where judgment has been taken in such justices' courts upon an ex parte hearing or by default. Said writ shall issue at any time after judgment, and the district court shall, pursuant to said writ, inspect and review the proceedings had in the justices' court, and shall determine whether such justices' court had jurisdiction of the cause of action or the person of the defendant, and had regularly pursued its authority as prescribed by law."

The entire record was certified to the district court. In their response to the petition for a writ of review, the defendants set forth matters which, but for the action of Judge Dalby, could have formed the basis of a petition by Florence L. Reeves for a writ of certiorari in the district court. These matters may be considered while the matter is in the reviewing court, as certiorari searches the entire record for jurisdictional defects. 10 Am. Jur., Certiorari, § 3; *Hotaling* v. *Superior Court*, 191 Cal. 501, 217 P. 73, 75, 29 A. L. R. 127; *Ex parte Connolly*, 16 Cal. App. 2d 709, 715, 61 P. 2d 490, 493; *Burhans* v. *City of Paterson*, 99 N. J. L. 490, 123 A. 883; *Graves* v. *McConnell*, 162 Ark. 167, 257 S. W. 1041.

It would be a vain thing for a court on certiorari to limit its consideration to only those alleged defects which the petitioner could raise because of an adverse decision below, and compel the respondent, in case those questions should be decided in favor of petitioner, to have the record again certified for the purpose of review of jurisdictional defects apparent in the record but which could not previously be reviewed because there was no decision adverse to respond-

ent. This court assumes that the district court reviewed the entire record under its writ of review. Appellant cannot be heard to complain that in one review is accomplished that which, if a narrow contention prevailed, would require an additional certiorari of the entire record, and with the same final result. "As it thus appears that no injustice has been done the petitioner by the action complained of, his petition for a writ of certiorari must be dismissed." *Barker* v. *Young*, 80 N. H. 447, 450, 119 A. 330, 332.

In *Goggans* v. *State Board of Education*, 133 S. C. 183, 185, 130 S. E. 645, 646, the court on certiorari annulled an order consolidating certain school districts, saying:

"The question of want of jurisdiction of the county board, appearing upon the face of the record, this court sua sponte may take notice thereof."

In this case there never was any jurisdiction over the person of the defendant Florence L. Reeves. "The summons is the process whereby parties defendant are brought into court so as to give the court jurisdiction of their persons." *Nellis* v. *Justices' Court*, 20 Cal. App. 394, 397, 129 P. 472, 474. The only summons served on Florence L. Reeves was that directing her to appear before Justice Mathews, and served at a time when he had been divested of jurisdiction and had actually transmitted the papers to the city court. Service of such a summons is not unlike service of a summons requiring defendant to appear at some date already past, *Turner* v. *Williams*, 162 Miss. 258, 139 So. 606; *Cummings* v. *Landes*, 140 Iowa 80, 117 N. W. 22; *Draper* v. *Draper*, 59 Ill. 119; *Mutual Alliance Trust Co.* v. *Greenberger*, Sup., 86 N. Y. S. 729; or on an impossible date, *Taylor* v. *Taylor*, Tex. Civ. App. 157 S. W. 1184; or one not naming the proper court, *Glasmann* v. *Second Dist. Court*, 80 Utah 1, 12 P. 2d 361; *Eggleston* v. *Wattawa*, 117 Iowa 676, 91 N. W. 1044; *Land* v. *Christenson*, 109 Neb. 101, 189 N. W. 838; or one which requires defendant to serve his answer on plaintiff at plaintiff's office in a certain city,

when plaintiff has no office and is a non-resident, *Francis* v. *Knerr*, 149 Minn. 122, 182 N. W. 988. Service of such a summons is a nullity, and jurisdiction over the person of the defendant cannot be so acquired.

Furthermore, the only service of this summons was outside the county and was therefore void unless it met one of the requirements of Comp. Laws 1917, § 7442, now section 104-72-7, R. S. 1933, which it did not do. There was, therefore, no jurisdiction over the person of the defendant unless she entered a general appearance waiving jurisdictional defects. This necessitates inquiring whether filing an affidavit for statutory change of venue under Comp. Laws 1917, § 7427, par. 6, as amended in chapter 105, Laws of Utah 1925 (paragraph 6 was ommitted from section 104-71-3, R. S. 1933), constituted a general appearance which obviated service of summons. We are of the opinion that it did not.

The filing of the affidavit was held to be a special appearance in *State ex rel.* v. *Durand,* 36 Utah 93, 104 P. 760, but the statute then in effect, Revised Statutes 1898, amended by chapter 11, p. 9, Laws of Utah 1905, designated the filing of the affidavit alleging action brought in the wrong county a special appearance.

The distinction between a special appearance and a general appearance waiving jurisdictional defects was indicated in *Quealy* v. *Sullivan,* 42 Utah 565, 132 P. 4, 7, when the court said:

"In those cases it is held that, where a sufficient uncontroverted affidavit is filed in support of a motion for a change of venue, the justice is ousted of jurisdiction to further proceed in the cause, except to transfer it, but that a general appearance and a plea to the merits, without invoking the action of the court for a change of venue, confers jurisdiction of the person; and if the justice has jurisdiction of subject-matter he may proceed."

*Silver City Mercantile Co.* v. *District Court,* 57 Utah 365, 195 P. 194, was under Comp. Laws 1917, § 7427. There the defendant filed a motion designated "Special Appearance,"

but the court, looking to the substance, said, 57 Utah 365, at page 371, 195 P. 194, 197:

"It may be stated as a general rule of law supported by the authorities that an appearance by *motion to object to the jurisdiction* of the court of the person of the defendant does not constitute a general appearance where such appearance is limited or denominated special. If, however, the objection made is upon other grounds than that of jurisdiction of the person, or upon that ground coupled with other grounds, such would constitute a general appearance."

The language of the statute is:

"Where the affidavits filed under this provision show that at the time of the bringing of said action all the defendants resided elsewhere than within the precinct wherein said action was brought, the court must change the place of trial without motion being made therefor, and his jurisdiction over said action shall cease, upon filing of such affidavit, for all purposes excepting that his jurisdiction shall continue for the sole purpose of transferring such case to the justice of the peace to whom such action is transferred."

Here there was no motion to transfer, but only the appellant reciting the facts required by the statute. The statute did not require a motion.

In the instant case Florence L. Reeves did not designate her affidavit a "special appearance," but whether it was general or special will not be determined by a label or the lack of it where the affidavit itself is before the court and shows that it did not go beyond a statement of the statutory facts depriving the justice of jurisdiction, except to transfer the cause. This constituted a special appearance and did not waive the jurisdictional defect.

Other courts hold that an appearance for the purpose of objecting that the action was brought in the wrong county is a special appearance. *Behr* v. *Duling*, 128 Neb. 860, 260 N. W. 281, 282; *Louisville & Nashville R. Co.* v. *Industrial Board*, 282 Ill. 136, 141, 142, 118 N. E. 483; *Canton Provision Co.* v. *Gauder*, 130 Ohio St. 43, 48, 196 N. E. 634; *Norfolk & Ocean View Ry. Co.* v. *Consolidated Turnpike Co.*,

111 Va. 131, 136, 68 S. E. 346, Ann. Cas. 1912A, 239, writ of error dismissed 228 U. S. 326, 33 S. Ct. 510, 57 L. Ed. 857; *Ragin* v. *Northwestern R. Co.*, 108 S. C. 171, 93 S. E. 860, 862; *Winter* v. *Union Packing Co.*, 51 Or. 97, 99, 93 P. 930; 6 C. J., Appearance, § 1, par. 7; 3 Am. Jur. 784.

*Fisher, Sons & Co.* v. *Crowley*, 57 W. Va. 312, 50 S. E. 422, 4 Ann. Cas. 282, says that ordinarily the court will look to the substance of a pleading or motion and determine its nature, but that in a justice's court, because the pleading or motion may be oral, there must be a specific statement whether the appearance be general or specific. It is true that in an ambiguous situation, a declaration by the party would assist in determining his intention, but in this case there is no reason to doubt that Florence L. Reeves did not intend to submit her person to the jurisdiction of the court. The reason of *Fisher, Sons & Co.* v. *Crowley*, supra, has no application because here there was a written affidavit which has been preserved in the record.

It is unnecessary to decide other questions raised by the parties herein. The lack of jurisdiction of the city court of the person of the defendant was a sufficient basis for the district court's judgment affirming the vacating of the default judgment. The wording of the judgment of the court that it "dismissed" the writ of review was inartistic, since the writ had served its purpose and the record was reviewed by the court. The effect of its judgment was to affirm the order of the city court vacating the default judgment for lack of jurisdiction.

Judgment affirmed. Costs to respondents.

HANSON, WOLFE, and LARSON, JJ., and H. D. HAYES, District Judge, concur.

MOFFAT, J., being disqualified, did not participate herein.