**Alan D. FRANDSEN, Plaintiff and Appellant,**

**v.**

**C. Don HOLLADAY, Ben Timmons, Keith Biesinger, The Mobile Home Lot, Inc., Estell Corporation, Inc., Max Laub and Eva Lou Laub, Defendants and Respondents.**

No. 860069–CA.

Court of Appeals of Utah.

July 10, 1987.

Alan D. Frandsen, Salt Lake City, pro se.

Bryan C. Robinson, (appeared for oral argument only), Salt Lake City, for Frandsen.

Edward T. Wells, Bottum & Wells, P.C., Salt Lake City, for Holladay and Estell.

Harold R. Stephens, Salt Lake City, for Biesinger.

N. George Daines, Logan, for Laub.

Before JACKSON, DAVIDSON and GREENWOOD, JJ.

## OPINION

JACKSON, Judge:

Alan D. Frandsen appeals a Third District Court judgment dismissing his complaint against all defendants. The dismissal, in effect a nonsuit, left in place a judgment lien held by the Laubs. We affirm.

This appeal presents two questions: (1) whether the Laubs have a valid judgment lien against certain real property and, if so, (2) whether defendant Biesinger is liable to Frandsen in an amount equal to the judgment lien.

Frandsen, The Mobile Home Lot, Inc., a corporation, and Baker's Mobile Home, Inc., a corporation, entered into a partnership agreement on May 15, 1979. The stated partnership purpose was to purchase land and develop a mobile home park in Ogden, Weber County, Utah. The name of the partnership was Willow Creek Estates. At that time, Keith Biesinger, Ben Timmons, and C. Don Holladay were equal owners of The Mobile Home Lot, Inc. Commercial Security Bank deeded the land at issue to the three partners in Willow Creek Estates, not to the partnership itself, also on May 15, 1979. Each received an undivided one-third interest.

On June 19, 1980, Keith Biesinger recorded a quitclaim deed on the property in which The Mobile Home Lot, Inc. was the grantor. The grantees were "C. Don Holladay, a 30% interest; Ben Timmons a 40% interest; and Keith Biesinger, a 30% interest; all as tenants in common." On April 29, 1981, Max Laub and Eva Lou Laub were awarded an $8,000.00 judgment against The Mobile Home Lot, Inc. in Third District Court, Salt Lake County. The Laubs' lawsuit was completely unrelated to the Willow Creek Estates partnership and the land on which the mobile home park was located.

On June 17, 1981, C. Don Holladay recorded a quitclaim deed on the property whereby Keith Biesinger conveyed his interest in the property back to The Mobile Home Lot, Inc. Laubs docketed their judgment in Weber County on August 27, 1981. Seven days later, a quitclaim deed was recorded whereby The Mobile Home Lot, Inc. conveyed its interest in the property to Estell Corporation, Inc. The deed was signed by C. Don Holladay, as President, and Ben Timmons, as Vice President of The Mobile Home Lot, Inc.

In October, 1981, Frandsen bought out the partnership interests of his partners in Willow Creek Estates, Baker Mobile Homes, Inc. and The Mobile Home Lot, Inc., in accordance with the terms of their partnership agreement. In conjunction with his purchase, Frandsen obtained quitclaim deeds on the subject property from Estell Corporation and from Timmons, Biesinger, and Holladay, individually. Frandsen did not check the public record in Weber County to determine the status of the property title and did not order any title search. Because of this, he did not learn of the Laubs' judgment lien against the property until long after his acquisition of sole ownership of Willow Creek Estates.

## I.

Did the Laubs' docketed judgment lien attach to the subject property to the extent of the interest Biesinger deeded back to The Mobile Home Lot, Inc. on June 17, 1981?

To answer this question, we look first to the statute, Utah Code Ann. § 78-22-1 (1987), which provides:

Lien of judgment. From the time the judgment of the district court or circuit court is docketed and filed in the office of the clerk of the district court of the county it becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in the county in which the judgment is entered, owned by

him at the time or by him thereafter acquired during the existence of said lien. A transcript of judgment rendered in a district court or circuit court of this state, in any county thereof, may be filed and docketed in the office of the clerk of the district court of any other county, and when so filed and docketed it shall have, for purposes of lien and enforcement, the same force and effect as a judgment entered in the district court in such county. The lien shall continue for eight years unless the judgment is previously satisfied or unless the enforcement of the judgment is stayed on appeal by the execution of a sufficient undertaking as provided by law, in which case the lien of the judgment ceases.

The plain reading of the statute confirms that Laubs' judgment lien attached to all real property in Weber County owned by the judgment debtor, The Mobile Home Lot, Inc., in Weber County on August 27, 1981. Frandsen avers that the real property in issue is partnership property belonging to the Willow Creek Estates partnership and, as such, is exempt from execution for the separate debt of the individual partner (The Mobile Home Lot, Inc.) under Utah Code Ann. § 48–1–22(2)(c) (1981): "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership...."

To prevail on this appeal issue, however, Frandsen must successfully challenge the specific findings of the lower court to the contrary. In his ruling from the bench at the end of trial, the judge found that "the evidence preponderates to the effect that it was not partnership property in that it was held and treated as individual property." Written Finding of Fact 9 states:

> Mobile Home Lot, Inc. was in possession and ownership of 30% of one-third interest in the subject property at the time the Judgment lien of Defendants Laub was docketed in Weber County.

The lower court obviously recognized that the initial May, 1979 deed to the partners in their individual names is not conclusive on the issue of whether the land was or was not partnership property for purposes of section 48–1–22. *Deming v. Moss,* 40 Utah 501, 121 P. 971 (1912). The court appropriately examined the conduct of the parties toward the property after the 1979 purchase to determine their intent. 60 Am. Jur.2d *Partnership* § 92. The ultimate finding that the realty was not partnership property is based on substantial, competent evidence in the record. The testimony and documentary evidence provide ample support for the conclusion that the parties— Frandsen as well as Biesinger, Timmons and Holladay—treated the land as the individual property of the partners and not as partnership property. Because of this, we cannot say the lower court's finding that The Mobile Home Lot, Inc. was the owner of an undivided 10% interest [1] in the subject property is clearly erroneous. Utah R.Civ.P. 52(a). *Porter v. Groover,* 734 P.2d 464 (Utah 1987).

◼ We therefore hold that, pursuant to section 78–22–1 (1987), the Laubs have a valid judgment lien to the extent of 30% of an undivided one-third interest in the parcels described in the deed from Biesinger to The Mobile Home Lot, Inc., recorded June 17, 1981.

## II.

Was defendant Biesinger entitled to inclusion in the judgment that dismissed appellant's causes of action?

Appellant Frandsen filed three differing complaints in this lawsuit. The first was filed January 14, 1983. An "Amended Complaint" was filed May 20, 1983. The "Amended Amended Complaint" was filed a year later, on May 21, 1984. If Frandsen (an attorney) arranged for service of process on Biesinger, he forgot to file proof of service. Therefore, prior to trial on July 6, 1984, the court did not have personal jurisdiction over Biesinger, and the court could not validly have granted Frandsen's request for entry of his default judgment. *See Garcia v. Garcia,* 712 P.2d 288, 290 (Utah 1986).

---

**1.** Thirty percent of a one-third interest is actually 9.99%, not 10%.

Furthermore, despite appellant Frandsen's (and the judge's and other counsels') faulty memory to the contrary, Frandsen never actually obtained a ruling on his motion for entry of default judgment against Biesinger. In short, the court did not enter Biesinger's default for failure to respond to any of the complaints. We need not decide whether a party who has obtained entry of default judgment against another under Utah R.Civ.P. 55 must, nonetheless, proceed to prove a prima facie case establishing his or her right to recover.

■ If Biesinger (an attorney) was served with process, he forgot to file any responsive pleadings. Biesinger, however, was present at trial and was represented by attorney Stephens, who arrived late. Prior to his arrival, the court and counsel present were engaged in preliminaries about the status of each named defendant. As attorney Stephens arrived, the discussion gave him the impression that Biesinger had been defaulted. After stating he was there representing Biesinger, Stephens asked the court to "move it aside." The judge responded, "I don't think it's been entered." Stephens gave no grounds for his motion to set aside the default, gave no indication that his appearance was limited in scope, and at no time objected to the court's lack of personal jurisdiction over Biesinger.

All parties present, including Biesinger, then proceeded to trial. Attorney Stephens was asked by the trial judge if he wished to cross-examine Frandsen. His response was "No questions, your Honor." Soon thereafter, Stephens indicated he had no objection to the court taking judicial notice of the files in Laubs' action against The Mobile Home Lot, Inc. Stephens later briefly cross-examined Biesinger after he had given testimony as part of plaintiff Frandsen's case. Attorney Stephens also joined in the other defendants' motion to dismiss the complaint on the merits, when the judge was ruling on that motion at the close of plaintiff's evidence. He also took part in the hearing on plaintiff's post-trial motion to amend the court's findings. These actions clearly demonstrate that Biesinger made a general appearance at the trial of this matter, thereby submitting himself to the jurisdiction of the trial court, *Barber v. Calder*, 522 P.2d 700, 702 n. 4 (Utah 1974), and obviating any need for service of process, *Swetnam v. Dalby*, 95 Utah 74, 79 P.2d 20 (1938). *See generally,* 5 Am.Jur.2d *Appearance* §§ 2–14 (1962); 6 C.J.S. *Appearances* §§ 18–41 (1975).

Unlike Biesinger, defendants C. Don Holladay and Estell Corporation, Inc. had filed an Answer to the Amended Amended Complaint, placing in issue the merits of each of Frandsen's causes of action. Because Frandsen's allegations about Biesinger and Timmons were the same as those about Holladay, Holladay's Answer necessarily joined issue as to Biesinger and Timmons.

Counsel for the answering defendants moved to dismiss the complaints even before the court took any testimony. In opposition, Frandsen argued, "I've alleged that they [Holladay, Timmons and Biesinger] failed to disclose that this judgment lien [Laubs'] was against the property which is a violation of the Utah Partnership Act, Section 48–1–17."[2] Frandsen continued, "Neither of the defendants Holladay, Timmons or Biesinger disclosed that this judgment lien was filed in August of '81." The judge then queried Frandsen:

THE COURT: Is that what your evidence is going to be, they didn't know it

---

**2.** Frandsen's second cause of action was based on alleged violation of Utah Code Ann. § 48–1–17 (1981), which provides:

Duty of partners to render information. Partners shall render on demand true and full information of all things affecting the partnership to any partner, or the legal representatives of any deceased partner, or partner under legal disability.

However, Frandsen alleged in his Amended Amended Complaint that Biesinger sold his partnership interest on June 12, 1981 and that at the time Laubs' judgment was docketed, Biesinger did not have any interest in the partnership. Frandsen's evidence did not contradict those allegations. In fact, Biesinger was never a partner. The partnership consisted of two corporations and Frandsen. See *Burke v. Farrell,* 656 P.2d 1015 (Utah 1982), and *Nelson v. Matsch,* 38 Utah 122, 110 P. 865 (1910), which discuss the fiduciary duty that exists between partners.

and didn't disclose it, or are you going to claim your evidence is they knew it and didn't disclose it?

MR. FRANDSEN: I don't know whether they knew it or not. I asked him if there was any other indebtedness and they said so [sic]. So I paid them the balance that was owing based upon their representations.

THE COURT: You're not going to have any evidence they knew about it, had actual knowledge as opposed to information because it was on the record?

MR. FRANDSEN: No, I don't know if they had knowledge. I can't prove that, Your Honor.

Frandsen went forward and presented his case.[3] True to his word, he produced no evidence that any of the individual defendants, including Biesinger, had actual knowledge in October, 1981, that Laubs' judgment had been filed in Weber County or that the lien thereof had attached to the subject property. Constructive knowledge imparted by the filing of the judgment was charged to Frandsen by law, as well as to defendants. *See* Utah Code Ann. § 17–21–11 (1987) and § 57–1–6 (1986); *Crompton v. Jenson*, 78 Utah 55, 1 P.2d 242 (1931).

In dismissing appellant's causes of action against all the named defendants,[4] the lower court concluded that Frandsen "did not reasonably rely on any statements or omissions of the defendants, in that the Judgment lien of the Laubs was of public record...." The judgment below is affirmed. Costs are awarded to respondents Max and Eva Laub.

I CONCUR:

DAVIDSON, J., concurs.

GREENWOOD, J., concurs in result only.

---

**3.** In some jurisdictions, these actions by Frandsen would be sufficient to constitute his waiver of default by any of the defendants, even if default had already been entered. 47 Am.Jur.2d *Judgments* § 1161 (1969).

**4.** In this appeal, Frandsen has not challenged the judgment below insofar as it dismissed his complaints against the defendants other than Biesinger and the Laubs.