WILLIAM. P. GOULD *vs.* GEORGE H. JOHNSTON.

October 9, 1877.

Summons—Issued by Municipal Court of St. Paul—When it can be Served in any County.—In an action for the recovery of money only, in the municipal court of the city of St. Paul, if the amount claimed in the complaint be more than $100, and not more than $200, the summons may be served in any county in the state.

Same—When Valid, although it Fixes Two Different Times for Answering the Complaint.—The summons requiring defendant to appear before said court at a term to be held at a designated day and answer the complaint, and also requiring him to answer within twenty days after the service of the summons, the appearance day named being more than twenty days after such service, does not invalidate the summons.

Appeal from a judgment of the municipal court for the city of St. Paul, entered upon default of defendant to answer.

*Charles D. Kerr*, for appellant.

*Morris Lamprey*, for respondent.

GILFILLAN, C. J. Appeal from the judgment of the municipal court of St. Paul, entered upon default of defendant to answer. The complaint claimed $138.85 and interest.

The summons was served by the sheriff of Becker county, within his county. The defendant claims that the court below had no jurisdiction, for this reason; and the argument is made that, by the act creating the municipal court, that court is one of merely local jurisdiction, extending, except as to amount, at most, no further than that of a justice of the peace. This may have been so under the original act, (Sp. Laws 1875, *c.* 2,) but the amendment of 1876 (Sp. Laws, *c.* 211, § 1,) provides "that in actions for the recovery of money only, when the amount demanded in the plaintiff's complaint exceeds the sum of one hundred dollars and not more than two hundred dollars, the said municipal court shall have, in such case, concurrent jurisdiction with the court of common pleas of Ramsey county, and the summons in such action may be served and returned in the same manner that like process is by law now authorized to be served and returned, issued out of said court of common pleas, and with like force and effect; and the defendant shall be allowed twenty days from the time of the service of the summons upon him to make and file his answer in said court." Inasmuch as by the law creating the common pleas court its jurisdiction was "equal and concurrent" with the district court, and, consequently, its summons could be served in any county of the state by the sheriff of such county, or even by a private person, and as it is beyond question that, by the amendment we have quoted, the legislature intended to conform the jurisdiction of the municipal court, in the actions mentioned in it, to that of the common pleas court, and to adopt for the former the mode of service and return of summons applicable to the latter, there is nothing in the point that the summons was served by the sheriff of Becker county in his county.

The summons is objected to because it requires the defendant to appear at a term of the court to be held on May 22d, and answer the complaint, and also requires him to file his answer within twenty days after the service of the summons. The form of the summons and process appears by the act

creating the court (Sp. Laws 1875, c. 2, §§ 8, 10,) to be left entirely to the discretion of the court; so that if the summons contains, in substance, what is required by the statute, however informal it may be, and whatever surplus matter may be in it, the court acquires jurisdiction by proper service of it. The summons must notify the defendant of the filing of the complaint, allow him the proper time to answer—in one class of cases at least six days, and in another, twenty days—and notify him of the time at which he is to appear before the court. If there be anything more in the summons by which defendant is misled, it does not affect the jurisdiction; but the defendant's relief must be got by applying to the court below. If he is not so misled, then the redundant matter is harmless. In this case the summons required the defendant to answer within twenty days after service, which was proper; and also to answer on May 22d—more than twenty days after service. We think the effect of this was to give him until the 22d, more than twenty days, in which to answer—more than he was strictly entitled to. He did not answer within the twenty days, nor on or before the 22d. His default was not entered until he had made default at both times. Although it was unnecessary, and perhaps not strictly proper, to require him to file his answer at his appearance on the 22d, as that requirement did not shorten, but rather extended the time to answer beyond what the statute allows, there was no substantial defect in the summons—none that could prejudice him.

Judgment affirmed.