W. W. KIMBALL COMPANY v. M. E. BROWN.

July 1, 1898.

Nos. 11,099—(235).

Judgment by Default — Failure to File or Serve Complaint with Summons—Waiver.

Where a summons is regular on its face, and is duly served, the court acquires jurisdiction of the cause. The fact that the complaint is not filed, or a copy thereof is not served with the summons, does not render the judgment void. It is a mere irregularity, and is waived unless the defendant moves to set aside the service.

Appeal by defendant from an order of the district court for Wabasha county, Snow, J., denying his motion to vacate a judgment by default. Affirmed.

*Henry W. Morgan,* for appellant.

G. S. 1894, § 5196, which requires a copy of the complaint to be served on defendant with the summons, unless the complaint itself be filed in the office of the clerk of the district court, is mandatory and not directory. That a judgment may be set aside for failure to observe this statute has been determined in Heffner v. Gunz, 29 Minn. 108; Lee v. O'Shaughnessy, 20 Minn. 157 (173); Stocking v. Hanson, 35 Minn. 207; Magin v. Lamb, 43 Minn. 80. In Tuller v. Caldwell, 3 Minn. 67 (117), it was held that the court acquired no

jurisdiction because no complaint had been served with the summons.

*William Burns*, for respondent.

The only question on this appeal is, did the district court have jurisdiction of the cause? That it did, is directly decided in the following cases: Millette v. Mehmke, 26 Minn. 306; Houlton v. Gallow, 55 Minn. 443; Crombie v. Little, 47 Minn. 581.

BUCK, J.

On November 9, 1897, the plaintiff caused to be served on the defendant a summons, regular in form, and entitled in the district court of Wabasha county, requiring her to answer the complaint; the summons stating that the complaint was filed in the office of the clerk of the district court of the third judicial district in and for the county of Wabasha and state of Minnesota, and requiring her to serve a copy of her answer upon the plaintiff's attorney within 20 days after the service of the summons upon her. At the time of the service of this summons no complaint was filed, and no copy thereof was ever served upon the defendant. The complaint was not filed with the clerk until December 17, 1897. The defendant did not answer or appear, and on January 24, 1898, judgment was entered and docketed against her in the sum of $71.30. On February 2, 1898, defendant served notice of motion to set aside the judgment on the grounds that the court acquired no jurisdiction of the action, and that the judgment entered was void for the reason that at the time of the service of the summons in said action no complaint therein was served upon defendant, nor was any complaint in said action filed in the office of the clerk of said district court, and none was filed therein until December 17, 1897, at which date both were filed with said clerk. The motion was denied, and defendant appeals.

"Civil actions in the several district courts of this state shall be commenced by the service of a summons as hereinafter provided." G. S. 1894, § 5193.

The summons must be subscribed by the plaintiff or his attorney, and directed to the defendant, requiring him to answer the complaint, and serve a copy of his answer on the person whose name

is subscribed to the summons, at a place within the state therein specified, in which there is a post office, within 20 days after the service of the summons, exclusive of the day of such service. Section 5194.

The summons in this case appears to have contained all of the requisites of these sections of the statutes.

Section 5196, however, provides that a copy of the complaint must be served upon the defendant with the summons, unless the complaint itself be filed in the office of the clerk of the district court of the county in which the action is commenced, in which case the service of the copy may be omitted, but the summons in such case must notify the defendant that the complaint has been filed with the clerk of said court. The record shows that the summons herein was served upon the defendant by delivering to and leaving with her a true copy of said summons.

It is settled by the decision in Millette v. Mehmke, 26 Minn. 306, 3 N. W. 700, and Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141, that the court acquires jurisdiction by the service of the summons, and that failure to file or serve the complaint is a mere irregularity, the remedy for which is a motion to set aside the service.

The summons itself was properly entitled in a court of general jurisdiction, was signed by the plaintiff's attorney, was addressed to the defendant, and apprised her that, unless she interposed a defense, the plaintiff would take judgment against her for the sum of $58.80, together with costs and disbursements. By the contents of this summons, she knew who was suing her, the nature and extent of the judgment sought, and what would be the result if she should fail to answer. With this knowledge, she saw fit to remain silent, although technically the summons was irregular. If she was prejudiced by this mode of proceeding, and if she deemed the manner of service prejudicial, she should have moved in due time to correct the proceedings, and not have waited long after the entry of judgment, which was not void, for the court acquired jurisdiction by the service of the summons.

Order affirmed.