## TIM A. FRANCIS v. W. A. KNERR.[1]

### May 20, 1921.

### No. 22,230.

**Process — plaintiff may sign summons for himself.**

1. A plaintiff who is not an attorney of this state may sign a summons in his own behalf, and the fact that his signature to it in behalf of his coplaintiff is invalid, merely results in a defect of parties plaintiff, the objection to which is waived, unless taken by answer or demurrer.

**Same — service of summons on defendant.**

2. To acquire jurisdiction over a defendant by the service of a summons, the summons must, in substance, comply with the requirements of the statute.

**Summons invalid.**

3. A summons which requires the defendant to serve his answer on the plaintiff at his office in a designated city in this state, when, in fact,

[1]Reported in 182 N. W. 988.

the plaintiff is a nonresident and has no office in such city, does not comply in substance with the requirements of the statute and is a nullity.

Action in the district court for Cass county to recover $75.34. Judgment by default was entered against defendant. The motion of defendant, appearing specially for that purpose, to vacate the judgment on the ground that the court had not acquired jurisdiction of the defendant, was granted. From the order setting aside the judgment, plaintiff appealed. Affirmed.

*Charles S. Marden,* for appellant.

*Brattland & McLaughlin* and *W. A. Kneer,* for respondent.

TAYLOR, C.

This is an appeal from an order setting aside a judgment on the ground that the court had no jurisdiction to render it.

The summons and complaint were served on the defendant personally on August 26, 1918, and judgment was entered against him by default on September 18, 1918. The motion to vacate the judgment was made in August, 1920.

The summons was regular in form. It required the defendant to serve his answer to the complaint on the subscriber "at his office in the City of Moorhead, Clay County, State of Minnesota," and was signed: "Tim A. Francis, attorney for plaintiff." Francis was an attorney of the state of North Dakota, and resided and had his office in the city of Fargo in that state. He was not an attorney of this state and had no office in the city of Moorhead or elsewhere in this state. Not being an attorney of this state he was prohibited from signing the summons as an attorney "except in his own behalf." G. S. 1913, § 4947. But he was a plaintiff and therefore had the right to sign the summons for himself, and we may concede that the prohibition against signing it, except in his own behalf, rendered the signature invalid only as to his coplaintiff, and merely resulted in a defect of parties plaintiff which could be taken advantage of only by answer or demurrer.

The summons, although not process in the technical sense, is the notice by service of which jurisdiction is acquired over the defendant.

The statute provides that: "The summons shall be subscribed by the

plaintiff or his attorney, be directed to the defendant, and require him to serve his answer to the complaint on the subscriber, by copy, at a specified place within the state where there is a post office, within twenty days after the service on him of such summons." G. S. 1913, § 7729.

That this statute has been given an extremely liberal construction to avoid defeating an action on account of technical and formal defects, which could not reasonably have misled or prejudiced the defendant, is illustrated by the following cases: Hotchkiss v. Cutting, 14 Minn. 408 (537); Gould v. Johnston, 24 Minn. 188; Millette v. Mehmke, 26 Minn. 306, 3 N. W. 700; Lee v. Clark, 53 Minn. 315, 55 N. W. 127; Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141; W. W. Kimball Co. v. Brown, 73 Minn. 167, 75 N. W. 1043.

It is recognized, however, that the notice, by the service of which the court requires jurisdiction of the defendant, must, in substance, comply with the requirements of the statute, and must be sufficient to inform the defendant of the essential matters which the statute requires to be stated therein for the purpose of enabling him to answer and defend.

In Gould v. Johnston, 24 Minn. 188, it is said: "If the summons contains, in substance, what is required by the statute, however informal it may be, and whatever surplus matter may be in it, the court acquires jurisdiction by service of it."

In Lee v. Clark, 53 Minn. 315, 55 N. W. 127, it is said: "When there has been a departure from the requirements of the statute in regard to the service of a summons in any substantial matter affecting the rights of a defendant, jurisdiction of his person will not be acquired, and a judgment entered on such service will be set aside and vacated on proper application."

In Plano Mnfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124, it is said: "The statute requires that the summons shall be directed to the defendant, and there must be a substantial compliance therewith. But the direction need not be literally exact, for the statute does not prescribe the form of the summons. It is sufficient in this respect if it clearly informs the defendant that it is intended for him, and requires him to answer the complaint."

In Lockway v. Modern Woodmen of America, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555, it is said: "The requisites of a summons as

prescribed by section 4103, R. L. 1905 (§ 7729, G. S. 1913), have never been strictly construed, and no general rule has been laid down as to what defects in a summons are jurisdictional." See also Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838; Savings Bank of St. Paul v. Authier, 52 Minn. 98, 53 N. W. 812, 18 L.R.A. 498; Berryhill v. Sepp, 106 Minn. 458, 119 N. W. 404; Lawton v. Barker, 105 Minn. 102, 117 N. W. 249; Eggleston v. Wattawa, 117 Iowa, 676, 91 N. W. 1044; 1 Black, Judgments, 333, § 223.

It may be said that the point now in question was not involved or decided in the cases above cited. But the statement that, if the summons is regular on its face and is served in the manner provided by the statute, the court acquires jurisdiction thereby, made in Hotchkiss v. Cutting, 14 Minn. 408 (537); Millette v. Mehmke, 26 Minn. 306, 3 N. W. 700; Houlton v. Gallow, 55 Minn. 443, 57 N. W. 441; and W. W. Kimball Co. v. Brown, 73 Minn. 167, 75 N. W. 1043, was also obiter to a certain extent, for the sweeping statement made was not necessary in the decision of those cases and must be interpreted in view of the situation in which it was used. The court can hardly have intended to hold that it would not look beyond the form of the summons in determining the question of jurisdiction where the information conveyed to the defendant therein, and on which he had the right to rely, is conclusively shown to have been both untrue and misleading. The statute requires the summons to designate a place within the state at which the defendant is required to serve his answer upon the one who subscribes the summons. The summons in question was subscribed by Tim A. Francis, and required the answer to be served on him at his office in the city of Moorhead. The defendant had the right to rely on the information given him in the summons, and had the right to take the full time allowed by statute in the preparation of his answer. If on the twentieth day he had attempted to serve his answer as required by the summons, he would have been unable to do so, for the place at which it was required to be served did not exist, and the person upon whom it was required to be served could not have been found within the state. By the time he had ascertained these facts it might have been too late to prevent a default. Of course there are ways in which a defendant can protect his rights in such cases and be relieved from any wrongful judg-

ment entered against him. But the statute requires the summons to state when, where and on whom the answer is to be served, and contemplates that there shall be a place within the state at which it may be served and a person at that place upon whom it may be served, and it cannot be said that a summons which requires the answer to be served on a nonresident at a place which does not exist complies in substance with the statutory requirements. The statutory requirements are for the benefit and protection of the defendant, and we think a plaintiff cannot be permitted to institute an action by the service of a summons as misleading as the one here in question.

We hold the summons void and the order appealed from is affirmed.