## EMMA SCHMIDT v. HERMAN SCHMIDT.[1]

March 11, 1927.

No. 25,959.

**Court had jurisdiction in spite of defective summons.**

A summons properly served which requires the defendant "to answer the complaint" instead of strictly complying with G. S. 1923, § 9225, providing that it shall require defendant "to serve his answer to the complaint on the subscriber, by copy," gives jurisdiction.

Divorce, 19 C. J. p. 100 n. 72 New.

Defendant appealed from an order of the district court for Kanabec county, Stolberg, J., overruling his objection to the court's jurisdiction on the ground that the summons was defective. Affirmed.

*Francis Muekel*, for appellant.

*P. S. Olsen*, for respondent.

HOLT, J.

Cited to show cause why he should not be punished as for contempt in failing to comply with an order of the court directing him to pay plaintiff temporary alimony, suit money, and attorney's fees in this action, brought to secure a divorce, defendant appeared specially to challenge the court's jurisdiction over him on the ground that no proper summons had been served on him. From the order overruling the objection to the jurisdiction of the court he appeals.

The summons is entirely in the approved form except as there is a deviation in this part thereof: "You are hereby summoned and

[1]Reported in 212 N. W. 812.

required to answer the complaint in the above entitled action a copy of which is hereto annexed and herewith served upon you within thirty days after the service of this summons upon you exclusive of the day of such service upon the subscriber at his office in the village of Mora," etc.  The statute, G. S. 1923, § 9225, provides among other things that the summons in a civil action shall "be directed to the defendant, and require him to serve his answer to the complaint  *  *  *  by copy, at a specified place," etc.  The only defect to which defendant can point is that the words "by copy" are omitted.  Had those words been properly incorporated with the word "answer" in the first line of the part of the summons quoted, no one could have seriously questioned the legal sufficiency of the document.  We think the omission of the words indicated not fatal to the jurisdiction acquired over defendant by the service of this summons.  No specific form is required by the statute cited.  A summons is not process.  Flanery v. Kusha, 143 Minn. 308, 309, 173 N. W. 652, 6 A. L. R. 838; Francis v. Knerr, 149 Minn. 122, 124, 182 N. W. 988, contain a full discussion of our decisions touching the question involved and reach the conclusion that technical defects in the summons do not free a defendant from the jurisdiction acquired by a personal service of the instrument upon him.  He could not even claim to have been misled in the instant case for the complaint was attached and gave full notice of the purpose of the action.

The order is affirmed.