## O. B. THOMPSON ELECTRIC COMPANY v. MILLIMAN & LARSON, INC. AND OTHERS. MAGNAR TENOLD, APPELLANT.

128 N. W. (2d) 751.

May 29, 1964—No. 39,250.

*Farnes & Skaar*, for appellant.

*Byron W. McCullagh,* for respondent Northern Land & Realty Company.

MURPHY, JUSTICE.

This is an appeal from an order denying petitioner's motion to intervene in a mechanics lien foreclosure action. The question we consider is whether the filing of a proposed answer together with a petition and motion to intervene in the lien foreclosure proceedings, where the motion is made prior to but not heard until after a year from the date of furnishing the last item in the lien statement, constitutes the filing of an answer in compliance with the provisions of Minn. St. 514.11.

It appears that on November 2, 1962, plaintiff, O. B. Thompson Electric Company, began a lien foreclosure proceeding against the premises involved in this action. The petitioner, Magnar Tenold, is a lienholder who furnished painting services and material to the premises between March 22 and August 6, 1962. Although his lien statement was filed with the register of deeds on October 29, 1962, he was not joined as a defendant in the lien foreclosure action.

It further appears from the record that on July 29, 1963, the petitioner filed with the clerk of the District Court of Hennepin County a motion to intervene in the lien foreclosure action as a defendant. He proceeded by petition in which he properly alleged that he was a lienholder and had not been named as a defendant in the pending action and asked that he be granted leave to intervene and be made a party defendant. The proposed answer of the petitioner properly set up his lien claim and demanded enforcement. Attached to it is a bill of particulars and a copy of the mechanics lien statement.[1] Pursuant to no-

---

[1] On appeal the validity of the answer is attacked because of failure to properly certify under oath the statements contained in the bill of particulars. We do not reach that issue because it was not presented or argued in the court below.

tice of motion the petition was heard in Hennepin County District Court on August 8, 1963. The motion was opposed by the owner of the premises. In denying the motion the trial court noted that the petition to intervene and the proposed answer were filed July 29, 1963, 8 days prior to the expiration of 1 year from the date the last item had been furnished, but "that said motion was set for hearing for August 8th which would be two days after the time required by statute for filing said answer." It was apparently the trial court's view that, under Carr-Cullen Co. v. Cooper, 144 Minn. 380, 175 N. W. 696, since the motion for leave to intervene was not heard within one year from the date of furnishing the last item in the lien statement, the claimant was too late to assert his mechanics lien by answer in the foreclosure proceedings.

It is apparent that petitioner's counsel proceeded by petition for intervention through a misunderstanding of the provisions of § 514.11, which relates to commencement of lienholders' actions, and § 514.12, subd. 2, which relates to intervention and limitation on the number of actions which may be instituted.

■ Section 514.11[2] provides that an action may be commenced by a lienholder who has filed his lien statement of record and that all other lienholders who have filed lien statements shall be joined as defendants. It also provides that those lienholders shall file their answers

---

[2]Minn. St. 514.11 provides: "The action may be commenced by any lienholder who has filed his lien statement for record and all other such lienholders shall be made defendants therein. The summons shall state that the complaint has been filed with the clerk and shall be of no effect unless such complaint be in fact so filed. It shall contain a notice that the action is brought to foreclose a lien, giving the amount thereof, and a brief description of the premises affected, and of the improvement out of which the lien arose, and shall require each defendant to file his answer to the complaint with the clerk within 20 days after service on him. Such answer, in addition to all other matters proper to be pleaded, shall set up any lien claimed by the defendant, and demand the enforcement thereof. No copies of such complaint or answer need be served on any party, upon demand or otherwise, and all averments of the answer shall be taken as denied without further pleading."

with the clerk of the district court within 20 days after service upon them. Where, as here, however, the lien foreclosure summons does not name a lienholder, he may become a party defendant and join in the action under the provisions of § 514.12, subd. 2,[3] which provide that the lienholder who has not been named in the original action may intervene "as provided in section 514.11" and be admitted as a party. To become a party defendant it was only necessary for the petitioner to file his answer with the clerk of the district court within a year after the furnishing of the last item mentioned in his lien statement. Carr-Cullen Co. v. Cooper, *supra*; § 514.12, subd. 3.[4] Apparently out of an excess of caution, petitioner's counsel proceeded by formal intervention proceedings. It is urged by petitioner that the filing of the proposed answer with the motion for an order permitting intervention constitutes compliance with the provisions of § 514.11 so as to properly make him a party to the action in the lien foreclosure proceedings.

■ It is well established by our decisions that mechanics lien laws are remedial in nature and have been given a liberal construction in favor of workmen and materialmen for the labor and material actually supplied in the improvement of real property. Aaby v. Better Builders, Inc. 228 Minn. 222, 225, 37 N. W. (2d) 234, 236; North Star Iron Works Co. v. Strong, 33 Minn. 1, 21 N. W. 740; Emery v. Hertig, 60 Minn. 54, 61 N. W. 830; 12 Dunnell, Dig. (3 ed.) § 6033. Quoting the language of the Emery case in Johnson v. Starrett, 127 Minn. 138, 141, 149 N. W. 6, 7, L. R. A. 1915B, 708, we said:

---

[3] § 514.12, subd. 2, provides: "After such filing, no other action shall be commenced for the enforcement of any lien arising from the improvement described, but all such lienholders shall intervene in the original action by answer as provided in section 514.11. Any such lienholder not named as a defendant may answer the complaint and be admitted as a party. If more than one action shall be commenced in good faith, all shall be consolidated and tried as one, under such order of the court as may best protect the rights of all parties concerned."

[4] § 514.12, subd. 3, provides in part: "No lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of his claim as set forth in the recorded lien statement * * *."

"It is sufficient for us to say that, whatever may be the conflicting decisions of other tribunals, we are of the opinion that no narrow or limited construction of our mechanic's lien law should be indulged in by the courts, and that the labor and industry of the country should not be hampered by technicalities or harsh interpretations of what was evidently intended to be a just law for the benefit of our industrial pursuits, which tends so materially to the building of cities and towns, and is the embodiment of so much natural justice. He whose property is enhanced in value by the labor and toil of others should be made to respond in some way by payment and full satisfaction for what he has secured. To accomplish this result is the intent of the lien law."

If we apply the foregoing principles and give to the statutes a reasonable and practical construction, we must conclude that the procedure followed by petitioner complied sufficiently with the requirements of law. Although the answer was labeled as a "proposed" answer, it nevertheless stated a complete demand for the relief to which petitioner was entitled as a lienholder and substantially complied with the provisions of § 514.11. It was filed with the clerk of the district court and served on counsel of record for lienholders who were parties to the original lien foreclosure proceedings. We do not think that petitioner should be deprived of his lien rights because his counsel did something unusual and in excess of what the statute requires. The purpose of the lien foreclosure proceeding is not only to protect the rights of lienholders but to permit them to share according to their interests in the assets available for that purpose. By filing the proposed answer on July 29, 1963, which was within the time allowed by statute, the petitioner met the requirements of § 514.11 and should have been permitted to join as a party to the action. The formal motion to intervene, being unnecessary and superfluous, should be disregarded. The order of the trial court is reversed and the matter is remanded to the district court with leave to the petitioner to file his answer and join as a defendant in further proceedings.

Reversed and remanded.