ALLSTATE INSURANCE COMPANY,
petitioner, Respondent,

v.

Frederick ALLEN, Appellant.

No. C2–98–1444.

Court of Appeals of Minnesota.

April 6, 1999.

Melissa A. Stakston, J. Mark Catron, Hansen, Dordell, Bradt, Odlaug & Bradt, P.L.L.P., St. Paul, for respondent.

Mark E. Gilbert, Giebel, Gilbert & Kohl, P.L.L.P., St. Paul, for appellant.

Considered and decided by LANSING, Presiding Judge, SCHUMACHER, Judge, and WILLIS, Judge.

## OPINION

LANSING, Judge.

In an appeal from a district court's order vacating an arbitrator's award, Frederick Allen challenges the court's jurisdiction. We reverse the order vacating the award because the service of process on Allen was ineffective.

## FACTS

This appeal arises from an arbitration involving injuries sustained in an automobile accident. Allstate Insurance Company paid Frederick Allen's medical expenses except a claim for $120. Because of the unpaid amount, Allen refused to participate in an independent medical examination (IME). Allstate then stopped paying Allen's medical expenses.

Allen and Allstate submitted their dispute to arbitration under Minnesota's No-Fault Act. Minn.Stat. §§ 65B.41–.71 (1996). The arbitrator found Allen's refusal to participate in an IME was unreasonable, but stayed entry of the award for 60 days to allow Allen to participate in an IME. Allstate objected to the arbitrator's extension of time and refused to schedule an IME for Allen. On January 27, 1998, at the end of the 60–day period, the arbitrator granted Allen's claim due to Allstate's refusal to schedule an IME.

On April 27, 1998, 90 days after the arbitrator's award, Allstate sent to Allen's attorney by facsimile transmission a notice of motion and a motion to vacate the award. Allen objected to the district court's jurisdiction based on ineffective service of process. The court held the service of process was effective, vacated the arbitrator's award to Allen, and held in favor of Allstate. Allen challenges the district court's jurisdiction to vacate the arbitrator's award and its failure to make findings to support vacating the arbitrator's award.

## ISSUES

I. Is service of process by facsimile transmission effective under Minn. R. Civ. P. 4?

II. Is service of process on an individual's attorney, rather than the individual, effective under Minn. R. Civ. P. 4, if the individual has not assigned the attorney the power to accept service?

## ANALYSIS

### I

Service of process on an opposing party in a proceeding to vacate an arbitration award is controlled by statute. Minn.Stat. §§ 572.19, subd. 2, 572.23 (1996); Minn. R. No–Fault Arb. 38. Statutory interpretation is a question of law that this court reviews de novo. *State, by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996). Similarly, this court's review of construction of a rule of procedure is de novo. *State v. Nerz*, 587 N.W.2d 23, 24 (Minn.1998).

To initiate an action in a Minnesota court, a plaintiff must follow the procedures set forth in the Minnesota Rules of Civil Procedure. Minn. R. Civ. P. 4.01; *accord Bloom v. American Express Co.*, 222 Minn. 249, 257, 23 N.W.2d 570, 575 (1946). Minnesota law provides for the manner in which courts obtain jurisdiction in arbitration proceedings:

Unless the parties have agreed otherwise, notice of an initial application for an order

shall be served in the manner provided by law for the service of a summons in an action.

Minn.Stat. § 572.23 (1996); *see Leek v. American Express Property Cas.,* 591 N.W.2d 507 (Minn.App.1999). Service must be made within 90 days after delivery of a copy of the award. *See* Minn.Stat. § 572.19, subd. 2 (1996). The specific manner for service of a summons in Minnesota is set forth in rule 4, which provides for personal service on an individual or acknowledged service by mail. Minn. R. Civ. P. 4.03 (personal service), 4.05 (service by mail). If the manner of service is not authorized by rule 4, it is not effective. *See Duncan Elec. Co. v. Trans Data, Inc.,* 325 N.W.2d 811, 812 (Minn.1982).

■ Provisions of a statute relating to the filing and service of notice must be strictly followed if a court is to acquire jurisdiction. *Lebens v. Harbeck,* 308 Minn. 433, 434, 243 N.W.2d 128, 129 (1976). Allstate acknowledges that its facsimile transmission "was not in accordance with the statute." Although rule 5 allows for service of documents by facsimile transmission, Minn. R. Civ. P. 5.02, service under rule 5 is distinct from service of process under rule 4. David F. Herr & Roger S. Haydock, 1 *Minnesota Practice* § 5.4 (1998) ("Rule 5 applies only to papers served after any party makes an appearance. The summons must be served in accordance with Rule 4."). Facsimile transmission of a summons is not permitted under rule 4. Service was therefore ineffective, and the district court did not have personal jurisdiction over Allen. *See Tullis v. Federated Mut. Ins. Co.,* 570 N.W.2d 309, 311 (Minn. 1997) (service of process in a manner not authorized by rule 4.03 is ineffective).

## II

■ Beyond prescribing the manner of service, rule 4 also establishes upon whom service may be made. Service of a summons on an individual requires "delivering a copy *to the individual personally* or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a) (emphasis added). Service by mail may be used as a substitute for personal service "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) *to the person to be served."* Minn. R. Civ. P. 4.05 (emphasis added). The limited exceptions to service on an individual occur when an individual appoints an agent to receive service of a summons, Minn. R. Civ. P. 4.03(a), and when the party has actual notice of attempted personal service at the party's residence, *Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988).

■ It is undisputed that Allen did not appoint his attorney to receive service of a summons. Nonetheless, at oral argument Allstate suggested it was more appropriate to serve Allen's attorney than Allen because Allen was under the age of 14 at the time. Rule 4 provides specific guidance on whom to serve if the party is under the age of 14:

If the individual is an infant under the age of 14 years, by serving also the individual's father or mother, and if neither is within the state, then a resident guardian if the infant has one known to the plaintiff, and if the infant has none, then the person having control of such defendant, or with whom the infant resides, or by whom the infant is employed.

Minn. R. Civ. P. 4.03(a). The rule provides for service on the party's parent or guardian, not the party's attorney. *See also Phelps v. Heaton,* 79 Minn. 476, 483, 82 N.W. 990, 991 (1900) (service of summons on a minor must comply with statute). Moreover, the clause "by serving also" the parent or guardian indicates service is still to be made on the party.

■ Allstate relies on *Smith v. Spitzenberger* to assert an attorney may be impliedly authorized to receive service of process. 363 N.W.2d 470, 472 (Minn.App.1985). Unlike the appellant in *Smith,* nothing in the record indicates that Allen's attorney had appeared before the court or availed himself of the court system before receiving the summons. Allen retained his attorney to represent him in the arbitration, which by itself is insufficient to indicate Allen had impliedly authorized his attorney to receive service of process. *See Wood v. Martin,* 328 N.W.2d 723, 726 (Minn.1983) ("Absent extraordinary circumstances, it seems to us process should be explicitly directed to the correct person being

sued."); *see also Ransom v. Brennan,* 437 F.2d 513, 518–19 (5th Cir.1971) (service on party's attorney ineffective because attorney not authorized to receive service of process); *Miree v. United States,* 490 F.Supp. 768, 775 (N.D.Ga.1980) ("service upon counsel is ineffectual, unless the party has appointed his attorney his agent for service of process"). Service on Allen's attorney is not effective service on Allen.

▪ Allstate also argues that Allen had actual notice of the attempted service on his attorney and that the rule on service should be construed liberally. The actual notice exception, and the case relied on by Allstate, involve attempted personal service. *See Pederson v. Clarkson Lindley Trust,* 519 N.W.2d 234, 235 (Minn.App.1994) (service on wife of a trustee). Allstate did not attempt personal service on Allen, and thus the actual notice exception does not apply. *See Thiele,* 425 N.W.2d at 584 (actual notice will not subject defendants to personal jurisdiction absent substantial compliance with rule 4); *Wood,* 328 N.W.2d at 726 (rules of service "lay down definite rules which are essential in court proceedings and are necessary so that all those involved may know what may and may not be done"). Under both rule 4.03(a) and rule 4.05, service on a party's attorney is ineffective unless the party has previously appointed the attorney to accept service. *See* Minn. R. Civ. P. 4.03(a) (designating proper recipients of service of a summons).

▪ Allstate's service of process was ineffective because the manner of service and person served were not authorized under rule 4. Because Allstate did not effectively bring a motion to vacate the arbitrator's award, the district court is to confirm the arbitrator's award. *See Great Am. Ins. Co. v. LeMieux,* 439 N.W.2d 733, 735 (Minn.App. 1989), *review denied* (Minn. July 12, 1989). Based on our holding, we do not reach Allen's argument that the court failed to make the findings required to vacate an arbitrator's award.

### III

▪ Allen made a motion for attorney fees for this appeal under Minn.Stat. § 549.211. "An award of attorney fees on appeal rests within the discretion of this court." *Case v. Case,* 516 N.W.2d 570, 574 (Minn.App.1994) (citation omitted). The district court found in Allstate's favor, and Allstate merely responded to Allen's appeal. On our review of the record, Allstate's actions do not merit awarding Allen attorney fees.

### DECISION

Allstate's delivery of its motion to Allen's attorney was ineffective service of process because Minn. R. Civ. P. 4 does not allow service by facsimile transmission, nor does it allow service on an individual's attorney rather than the individual. The statute of limitations on the time to vacate the award has expired. We therefore reverse and remand to the district court for the court to confirm the arbitrator's award in favor of Allen.

**Reversed and remanded.**