**RYAN CONTRACTING, INC., Respondent,**

v.

**JAG INVESTMENTS, INC., et al., Appellants,**

**Metro Home Insulation, Inc., et al., Defendants,**

**GMH Asphalt Corporation, Respondent.**

No. C5–99–1688.

Court of Appeals of Minnesota.

May 9, 2000.

Jeffrey C. Paulson, David D. Hammargren, Hammargren & Meyer, P.A., Minneapolis, for respondent Ryan Contracting.

Kay Nord Hunt, James M. Lockhart, Lommen, Nelson, Cole & Stageberg, Minneapolis, for appellants.

Patrick J. Neaton, Neaton & Puklich, P.L.L.P., Wayzata, for respondent GMH Asphalt.

Considered and decided by HARTEN, Presiding Judge, LANSING, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY*, Judge

Appellants challenge the district court's denial of their motion to dismiss, arguing that the court lacks personal jurisdiction over them in this mechanic's lien action, due to improper service of process. We affirm in part and reverse in part.

## FACTS

Defendant Jagodzinski Development Corporation (JDC) and appellant JAG Investments, Inc. (JAG) entered into a joint

venture to develop certain real property. JDC contracted with respondent Ryan Contracting to perform street construction on the residential development project. Ryan hired respondent GMH Asphalt Corporation (GMH) as a subcontractor to perform the street paving. Appellant Darlene M. Chiles is the owner of one lot in the Fairway Hills subdivision.

Ryan completed the work on December 16, 1997. On April 8, 1998, Ryan served and filed a mechanic's lien against all lots on the development property to recover for its construction work. On December 4, 1998, Ryan filed this suit against JDC, JAG, Chiles, and several other defendants to foreclose the mechanic's lien. On December 28, GMH served a cross-claim and counterclaim on appellants' attorney to foreclose GMH's mechanic's lien on the subject property.

This suit was served on the attorney that represented JDC, JAG, Chiles, and several other defendants. JDC was properly served. Appellants asserted an affirmative defense of lack of personal jurisdiction in their answer to the complaint and in their answer to GMH's cross-claim, and continued to assert this defense throughout the proceedings.

On July 15, 1999, appellants JAG and Darlene Chiles moved for dismissal of the action for lack of personal jurisdiction and for lack of subject-matter jurisdiction. The district court denied appellants' motion. On appeal, this court issued an order finding that appellants could pursue their interlocutory appeal on the issue of personal jurisdiction, but that the portion of the appeal on the issue of subject-matter jurisdiction was dismissed.

## ISSUES

1. Is service on one member of a joint venture sufficient to establish personal jur-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

isdiction over another member of the joint venture?

2. Is service of process on an individual's attorney, rather than the individual, effective service of process?

3. Will this court review an interlocutory appeal issue that has already been dismissed by this court's special term panel?

## ANALYSIS

 Mechanic's lien laws are strictly construed to determine whether a lien has attached, but are liberally construed once a lien has attached. *Cox v. First Nat'l Bank of Aitkin,* 415 N.W.2d 385, 387 (Minn.App.1987), *review denied* (Minn. Jan. 20, 1988). Appellants did not contest the filing of the lien statement. Therefore, the only issue is whether appellants were properly served. The construction of a court rule and the determination of whether service is proper are questions of law, which we review de novo. *Stoebe v. Merastar Ins. Co.,* 554 N.W.2d 733, 735 (Minn. 1996).

### I.

Appellant JAG argues that there was not an effective service of process to give the court personal jurisdiction. Service of process on a corporation requires delivery "to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." Minn. R. Civ. P. 4.03(c). The mechanic's lien statute requires that service occur "within one year after the date of the last item of the claim as set forth in the recorded lien statement." Minn.Stat. § 514.12, subd. 3 (1998).

1. This service was ineffective because JAG's attorney was not authorized to accept service.

2. This court has further observed:
 [A] fundamental principle of the rules of civil procedure is that cases should be decided on the merits rather than on technicalities, and where the intended recipient

Here, respondent Ryan initially served JAG's attorney,[1] and then properly served JAG over eight months after the statutory limit had expired. The complaint, however, alleged that JDC and JAG "are related business entities and share common ownership and control," and the district court found that JAG was properly served based, in part, on the fact that JDC and JAG undertook "the development of the subject property as a 'joint venture.'"

Minnesota courts have not explicitly ruled on whether one member of a joint venture is an "agent" authorized to accept service of process for another member. In determining who is an authorized agent for proper service, the supreme court has observed:

> The primary concern with allowing an agent to receive service for the corporation has generally been to protect a defendant from any prejudice which could result from a lack of notice.

*Erickson v. Coast Catamaran Corp.,* 414 N.W.2d 180, 183 (Minn.1987)[2]. While the case at hand involves a mechanic's lien, this rule would apply with equal force to any procedure that requires service in compliance with Minn. R. Civ. P. 4.

 Here, we are dealing with a mechanic's lien. This court has stated that the substantive rights of the lien claimant should not be decided on technical grounds, particularly if no harm results. *See R.B. Thompson, Jr. Lumber Co. v. Windsor Dev. Corp.,* 383 N.W.2d 357, 361 (Minn.App.1986) (allowing lien claimant to add parent corporation after one-year statute of limitation had run because it received actual notice and no prejudice occurred), *review denied* (Minn. May 22, 1986).

receives actual notice of the action, the rules governing such service should be liberally construed to avoid depriving a litigant of his day in court.
*Pederson v. Clarkson Lindley Trust,* 519 N.W.2d 234, 235 (Minn.App.1994) (citation omitted) (quotation omitted).

■ JDC and JAG were engaged in a joint venture and JDC was properly served the foreclosure complaint. JAG also received actual notice of the service, served discovery on other parties, attended depositions, attended and participated in mediation, and filed a motion to compel discovery responses.

It is sufficient for us to say that, whatever may be the conflicting decisions of other tribunals, we are of the opinion that no narrow or limited construction of our mechanic's lien law should be indulged in by the courts, and that the labor and industry of the country should not be hampered by technicalities or harsh interpretations of what was evidently intended to be a just law for the benefit of our industrial pursuits, which tends so materially to the building of cities and towns, and is the embodiment of so much natural justice. He whose property is enhanced in value by the labor and toil of others should be made to respond in some way by payment and full satisfaction for what he has secured. To accomplish this result is the intent of the lien law.

*O.B. Thompson Elec. Co. v. Milliman & Larson, Inc.*, 268 Minn. 299, 303, 128 N.W.2d 751, 754 (1964) (quoting *Emery v. Hertig*, 60 Minn. 54, 57, 61 N.W. 830, 831 (1895)). Under these circumstances, we find that there was effective service of process on JAG to give the court personal jurisdiction.[3]

## II.

The district court found that it had personal jurisdiction over appellant Darlene Chiles based on service of process on her attorney. Service of process on an individual is governed by Minn. R. Civ. P. 4.03(a). It provides for service

[u]pon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein.

■ The exceptions to service on an individual occur when an individual appoints an agent to receive service of a summons, or when the party has actual notice of attempted personal service at the party's residence. *Allstate Ins. Co. v. Allen*, 590 N.W.2d 820, 822 (Minn.App.1999).

■■ It is undisputed that Chiles did not appoint her attorney to receive service of a summons. Service on Chiles's attorney is not effective service. *See id.* (service on defendant's attorney is ineffective where attorney had merely been retained by defendant and nothing indicated he had appeared before the court or availed himself of the court system before receiving the summons).

■ The district court also found that Chiles waived her defense of lack of personal jurisdiction. A recent Minnesota Supreme Court case, *Patterson v. Wu Family Corp.*, 608 N.W.2d 863 (Minn. 2000), found waiver in a case with similar facts. Chiles, like the defendant in *Patterson*, asserted the defense of insufficient service of process in her answer and continued to assert this defense throughout the proceedings. *Patterson*, however, is distinguishable from the current case because while Chiles made a motion to compel discovery before making a motion to dismiss for lack of personal jurisdiction, the defendant in *Patterson* made a motion for partial summary judgment before making a motion to dismiss for lack of personal jurisdiction. In *Patterson*, the supreme court concluded that,

once a defendant affirmatively *invokes the court's power to determine the merits of all or part of a claim*, the defendant cannot then deny the court's jurisdiction over him based on defective service.

*Id.* at 867 (emphasis added). A motion to compel discovery does not affirmatively invoke the court's power to determine the

---

**3.** Because the court has jurisdiction over JAG based on Ryan's original service being effective, the court also has jurisdiction over GMH's crossclaim against JAG.

merits of a claim. Chiles, therefore, did not waive her defense of lack of personal jurisdiction.

GMH never personally served Chiles, but merely asserted a cross-claim, which, based on the original service being ineffective, did not give the court jurisdiction over Chiles. Therefore, the claims against Chiles are dismissed.

## III.

 Appellants also argue that the subject-matter jurisdiction issue should also be addressed based on the interests of justice. *See* Minn. R. Civ.App. P. 103.04 (permitting review as justice requires). Because this court's special term panel already dismissed this issue, we decline to review it now.

## DECISION

Service of process on JAG was effective because JAG's joint venture partner was properly served, JAG received actual notice, and JAG was not prejudiced. Likewise, because the court has jurisdiction over JAG, based on Ryan's original service being effective, the court also has jurisdiction over GMH's crossclaim against JAG. Respondent Ryan's service on Chiles's attorney was ineffective service of process because Minn. R. Civ. P. 4 does not allow service on an individual's attorney rather than the individual. We decline to review an issue already dismissed by this court's special term panel.

**Affirmed in part and reversed in part.**